People v T.R. (2025 NY Slip Op 51679(U))

[*1]

People v T.R.

2025 NY Slip Op 51679(U)

Decided on October 21, 2025

Criminal Court Of The City Of New York, Bronx County

Moore, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 21, 2025
Criminal Court of the City of New York, Bronx County

People of the State of New York

against
T.R., Defendant.

Docket No. 2017BX######

For the Defendant:
The Legal Aid Society
(by: Paris DeYoung, Esq.)
For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Elliott R. Hamilton)

Deidra R. Moore, J.

On April 21, 2017, Defendant pleaded guilty to criminal possession of marijuana in the fourth degree (Penal Law § 221.15) and use of an imitation pistol (Administrative Code § 10-131(g)(1). On June 12, 2017, Defendant was adjudicated as a youthful offender ("YO") and received a sentence of two years' probation.
Defendant moves pursuant to Criminal Procedure Law ("C.P.L.") §§ 440.46-a(2)(a), 440.46-a(2)(b), and 440.46-a(4)(f), for vacatur and dismissal of his youthful offender adjudication under former Penal Law ("P.L.") § 221.15, as the conduct underlying the adjudication—possession of more than two ounces of marijuana—would not constitute a crime under current Penal Law Article 222, enacted as part of the Marihuana Regulation and Taxation Act ("MRTA"), L. 2021, ch. 92, effective March 31, 2021.
C.P.L. § 440.46-a(2)(a) permits a person convicted under former P.L. Article 221 to move for vacatur where their conduct would not have been criminal under P.L. Article 222. C.P.L. § 440.46-a(2)(b)(i) provides that, upon such motion for vacatur, the Court shall presume that: 1) any conviction by plea was not knowing, voluntary, and intelligent; 2) any conviction by verdict and accompanying sentence constitutes cruel and unusual punishment under the State Constitution if either has severe or ongoing consequences; and 3) the movant satisfies the criteria for relief. These presumptions may only be rebutted if the opposing party proves, by clear and convincing evidence, that the movant does not satisfy the criteria for relief. Additionally, C.P.L. § 440.46-a(4)(f), these provisions "shall be available, used and applied in parallel fashion" to youthful offender adjudications.
Defendant asserts that C.P.L. § 440.46-a mandates vacatur because the conduct alleged no longer constitutes a crime or violation under current law. Additionally, Defendant's YO adjudication has continued to produce adverse consequences, including the prosecution's reliance on that adjudication in opposing a sentencing modification in an unrelated matter. Finally, Defendant notes that the adjudication remains unvacated and unexpunged, despite the MRTA's intent to remedy past marijuana-related convictions.
The People "take no position" on the limited request to vacate the YO adjudication for marijuana possession, but argue that the motion is moot, as the adjudication was automatically expunged under the MRTA and is no longer visible on Defendant's e-Justice record. The prosecution further argues that the claimed collateral consequence—its citation by the prosecution in a later appeal—is de minimis and does not constitute "severe or ongoing" harm as contemplated by the legislature, which primarily sought to address barriers in housing, employment, and immigration. Finally, the People argue that, even if C.P.L. § 440.46-a relief is warranted, the Court lacks authority to disturb the separate YO adjudication for possession of an imitation pistol.
The People's "no position" response constitutes a failure to rebut the presumptions under C.P.L. § 440.46-a(2)(b)(i) with clear and convincing evidence. The Court credits Defendant's assertion that the adjudication has not been expunged, as it appeared in a 2022 pre-sentence report, one year after the MRTA's automatic expungement date. As the MRTA provides automatic expungement only for convictions (C.P.L. § 440.46-a(1)), Defendant's YO adjudication for P.L. § 221.15 requires court-ordered vacatur under C.P.L. § 440.46-a(4)(f). Finally, the Court finds that the People's reliance on Defendant's YO marijuana adjudication to argue against sentence modification in pending criminal proceedings constitutes on ongoing or severe consequence, as required by C.P.L. §440.46-a(2)(b)(i).
Accordingly, it is hereby ORDERED that
1. Defendant T.R.'s motion is GRANTED pursuant to C.P.L. §§ 440.46-a(2)(a), 440.46-a(2)(b), and 440.46-a(4)(f);
2. Defendant's youthful offender adjudication entered June 12, 2017, under former Penal Law § 221.15, is VACATED and DISMISSED;
3. The Clerk of the Court shall notify the New York State Division of Criminal Justice Services immediately of this Court's determination, pursuant to C.P.L. § 440.46-a(2)(c); and
4. All official records relating to this adjudication shall be sealed and expunged consistent with C.P.L. §§ 160.50(3)(k)(iii) and 160.50(5)(a).
The foregoing constitutes the decision and order of the court.
Dated: October 21, 2025
Bronx, New York
Hon. Deidra R. Moore, J.C.C.